# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DONJON MARINE CO., INC., | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 18-0302-WS-B |
| | ) |
| SOUTHERN RECYCLERS | ) |
| DISASTER RELIEF, LLC, | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER

The plaintiff has filed an application to the Clerk for entry of default. (Doc. 7). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," it is subject to entry of default. Fed. R. Civ. P. 55(a). But a defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint." *Id*. Rule 12(a)(1)(A)(i); *accord Securities and Exchange Commission v. Wright*, 261 Fed. Appx. 259, 261 (11th Cir. 2008). Thus, "[b]efore a default can be entered, … the party must have been effectively served with process." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 at 14 (3rd ed. 1998). And when service of process is at issue, "it [i]s proper for the court rather than the clerk to consider [the plaintiff's] request" for entry of default. *Sandoval v. Bluegrass Regional Mental Health – Mental Retardation Board*, 2000 WL 1257040 at *5 (6th Cir. 2000).

The sole defendant is Southern Recyclers Disaster Relief, LLC ("Southern"). The complaint alleges that Thad Sellers is the sole member of Southern. (Doc. 1 at 1). At the plaintiff's request, summons was issued to Southern at an address in Bay Minette, Alabama, (Doc. 2 at 1), which the complaint describes as the registered office of Southern. (Doc. 1 at 1). The return of service executed by the process server reflects that process was served on

"Kevin Sellers, on behalf of Thad Sellers, Registered Agent of Southern Recyclers Disaster Relief, LLC." (Doc. 6 at 2).

The complaint relies on the Alabama Secretary of State website for information about Southern, including its membership and registered office. (Doc. 1 at 1). That website confirms (as the return of service indicates but with a tinge of ambiguity) that Thad Sellers is Southern's registered agent for service of process. As the return of service reflects, the plaintiff did not serve Thad Sellers but instead served Kevin Sellers "on behalf of" Thad Sellers as registered agent. (Doc. 6 at 2).

Under federal law, service on an artificial entity such as Southern must be made by delivering process "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). The plaintiff has not shown Kevin Sellers to be any of these things. Nor has the plaintiff shown either that service may properly be had, by delivery to someone "on behalf of" the registered agent or that Kevin Sellers is such a someone as to whom service on the entity could be effective.

Federal law also permits service on an artificial entity in accordance with the law of the forum state. Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). Alabama law provides for service on an artificial entity by "serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6). Again, the plaintiff has not shown that Kevin Sellers falls within any of these categories or that service on Thad Sellers (who does) can be accomplished by service on Kevin "on behalf of" Thad.

For the reasons set forth above, the plaintiff's application for entry of default, construed as a motion for such relief, is **denied**.

DONE and ORDERED this 21st day of August, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE