# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

DONJON MARINE CO., INC.,            )
                                    )
    Plaintiff,                      )
                                    )
v.                                  ) CIVIL ACTION 18-0302-WS-B
                                    )
SOUTHERN RECYCLERS                  )
DISASTER RELIEF, LLC,               )
                                    )
    Defendant.                      )

## ORDER

The plaintiff has filed a second application to the Clerk for entry of default. (Doc. 13). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," it is subject to entry of default. Fed. R. Civ. P. 55(a). But a defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint." *Id*. Rule 12(a)(1)(A)(i); *accord Securities and Exchange Commission v. Wright*, 261 Fed. Appx. 259, 261 (11th Cir. 2008). Thus, "[b]efore a default can be entered, … the party must have been effectively served with process." 10 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 2682 at 14 (3rd ed. 1998). And when service of process is at issue, "it [i]s proper for the court rather than the clerk to consider [the plaintiff's] request" for entry of default. *Sandoval v. Bluegrass Regional Mental Health – Mental Retardation Board*, 2000 WL 1257040 at *5 (6th Cir. 2000).

The sole defendant is Southern Recyclers Disaster Relief, LLC ("Southern"). The complaint alleges that Thad Sellers ("Thad") is the sole member of Southern. (Doc. 1 at 1). This is confirmed by the Alabama Secretary of State website (relied on by the plaintiff). The plaintiff also states that Thad is

Southern's registered agent for service of process, (Doc. 13-1 at 1), which the website also confirms.

The plaintiff first attempted service by serving process on "Kevin Sellers, on behalf of Thad Sellers, Registered Agent of Southern Recyclers Disaster Relief, LLC." (Doc. 6 at 2). The Court rejected the plaintiff's ensuing application for entry of default because the plaintiff failed to show that Kevin was an officer, managing agent or general agent of Southern or that he had been authorized by appointment or by law to receive service of process on behalf of Southern. (Doc. 8). The plaintiff asserted that service was good because Kevin was served "on behalf of" Thad (the registered agent), but the Court rejected this argument because it was unsupported by any explanation, analysis or citation to relevant authority showing either that Kevin legally could, or factually did, accept service on behalf of the registered agent.

In response to this setback, the plaintiff procured alias summons directed to Southern. (Doc. 10). A process server personally served the complaint and summons on Cody Sellers, Sr. ("Cody") at an address other than Southern's business address. The process server identified Cody as a person "designated by law to accept service of process on behalf of" Southern. (Doc. 11).[1]

In addition, the plaintiff sent process by certified mail to Southern at its business address. (Doc. 12). This mailing was signed for by Cody. (*Id*. at 6).

With these returns of service in hand, the plaintiff again seeks entry of default. The plaintiff offers the affidavit of counsel for the propositions that Thad died on July 17 of this year (after the first attempted service) and that Cody "is the only other agent/officer/owner/member" of Southern known to the plaintiff. (Doc. 13-1 at 1). The plaintiff also offers the declaration of its project manager who, from his dealings with Southern, is aware of only two owners and/or officers of

---

[1] The plaintiff does not in its application for entry of default contend that Cody had been so designated.

2

Southern – Thad and Cody. (Doc. 13-2 at 1). Thad told the declarant that Thad's siblings were not involved in Southern. (*Id.* at 1-2).

As noted in the Court's previous order, service under either state or federal law requires service on an officer, a managing agent, a general agent, or some other agent authorized by appointment or by law to receive service. Fed. R. Civ. P. 4(h)(1)(B); Ala. R. Civ. P. 4(c)(6). The declarant's only information regarding Cody, received from Thad, is that he is an "owner" of Southern. This assertion contradicts both the Secretary of State's website and the plaintiff's own complaint, which alleges that Thad is the only member (and thus owner) of Southern. Upon Thad's death, his interest presumably passed to his estate; while it may ultimately devolve to Cody or some other heir, the plaintiff has not shown that this has yet occurred or to whom Thad's interest descends. Nor has the plaintiff shown that proper service may be based simply on the recipient's ownership interest in the entity; neither the state nor the federal rule provides for service on an owner *qua* owner.

The declarant states that Cody is an owner "and/or" officer of Southern, (Doc. 13-2 at 1), but he identifies no source of information that Cody is in fact an officer. Counsel offers nothing from personal knowledge but only repeats what his client has told him. (Doc. 13-1 at 1). Nor does the plaintiff explain why a single-member LLC is likely to have officers. It appears that the plaintiff merely assumes that if Cody has an ownership interest (something it has not established), he may also hold an officer position.

The plaintiff also appears to assume that somebody must be in a position to accept service of process and that Cody must therefore be that person. The primary flaw in this argument is that it rests on ignorance: because the plaintiff does not know who else may be involved in Southern, Cody must be the proper recipient of process. The declarant concedes that Cody is simply the only owner he is "aware of" and that Cody and a bookkeeper are the only employees he "know[s] of." (Doc. 13-1 at 1-2). Even the declarant's understanding, received

3

from Thad, that Thad's siblings were not involved with Southern is subject to question, since the plaintiff has represented to the Court that Kevin was capable of receiving service "on behalf of" Thad as Southern's registered agent.

Counsel in his affidavit suggests that Cody must be a proper recipient because the certified letter, for which Cody signed, is addressed to the attention of to "Any Officer, Manager or General Agent" of Southern. (Doc. 13-1 at 1-2). The letter, of course, was inside the mailing, not outside, so Cody could hardly identify himself as an officer, managing agent or general agent by signing for a mailing addressed simply to "Southern Recyclers Disaster Relief, LLC." (Doc. 12 at 6).[2]

The Court is not unsympathetic to the difficulty the unusual circumstances presented here place on the plaintiff in effecting good service. The Court cannot, however, on that account relieve the plaintiff of its responsibility of making such service, and of demonstrating the validity of its service, prior to entry of default against Southern.

For the reasons set forth above, the plaintiff's application for entry of default, construed as a motion for such relief, is **denied**.

DONE and ORDERED this 1st day of October, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] Service by certified mail was ineffective for a second, independent reason. Such service requires that the plaintiff "address the envelope to the person to be served with instructions to forward." Ala. R. Civ. P. 13(h)(2)(B)(i). "[W]e are clear to the conclusion that service on a corporation or business entity cannot be perfected by certified mail addressed merely to the entity itself." *Ex parte LERETA, LLC*, 226 So. 3d 140, 145 (Ala. 2016). Because the plaintiff's mailing was addressed only to Southern, it could not provide good service even if Cody is an officer, managing agent or general agent of Southern.