IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONJON MARINE CO., INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-302 |
| | ) |
| SOUTHERN RECYCLERS DISASTER RELIEF, LLC | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR PERMISSION TO SERVE DEFENDANT BY PUBLICATION
OR, ALTERNATIVELY, TO RECOGNIZE CODY SELLERS, SR.
AS A MANAGING OR GENERAL AGENT**

Plaintiff, Donjon Marine Co., Inc. ("Donjon"), pursuant to Federal Rule of Civil 4(e)(1) and 4(h)(1)(A), and Alabama Rule of Civil Procedure 4.3(c), respectfully moves this Court for permission to serve the Defendant, Southern Recyclers Disaster Relief, LLC ("Southern Recyclers") by publication, as outlined below:

1.      Donjon filed the Complaint in this matter on July 6, 2018.[1] Donjon arranged for service of process on the registered agent, Thad Sellers. When the process server attempted service on Thad Sellers on July 13, 2018, he was unable to come to the door due to his illness (Thad Sellers died on July 17, 2018), and service was made on Kevin Sellers on behalf of Thad Sellers. This Court deemed such service ineffective.[2] Subsequently, Donjon arranged for personal service on the only other person known to Donjon who was associated with Southern Recyclers, Cody Sellers, Sr. This Court subsequently ruled that service on Cody Sellers, Sr. was

---

[1] R. Doc. 1.
[2] R. Doc. 8.

ineffective as to Southern Recyclers without further proof of his specific relationship to Southern Recyclers.[3]

2. Donjon has now confirmed that while Cody Sellers, Sr. was affiliated with Southern Recyclers, and while he did serve as a job superintendent with day-to-day responsibility for the work of Southern Recyclers, he was not an officer or owner of the company. As outlined below, if Cody Sellers is determined not to have been a general or managing agent of Southern Recyclers, then there is no one who is alive and available to accept service on behalf of Southern Recyclers.

3. Despite due diligence, Donjon has not been able to identify any other officer, agent, member or owner of Southern Recyclers who is alive and available to accept service on behalf of the company. The designated agent for service of process, Thad Sellers, is deceased. Southern Recyclers has not designated any other agent for service of process with the Alabama Secretary of State. There are no other owners or members of Southern Recyclers. Cody Sellers, Sr. personally confirmed he knows of no other such owners or members at this time. Please see Affidavit of Todd G. Crawford, attached hereto as Exhibit "A."

4. Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(h)(1)(A) provides that service on a corporation or other entity may be made pursuant to Rule 4(e)(1). Alabama Rule of Civil Procedure 4.3(c) allows for service by publication when a corporation fails to elect officers or appoint agents, or the officers or agents are absent from the state for a period of thirty days from the filing of the complaint, or the officers or agents are unknown to the plaintiff:

---

[3] R. Doc. 14.

> When a defendant is a corporation and the process server has endorsed the fact that the process cannot be served because of the failure of the defendant to elect officers or appoint agents, or because of the absence of officers or agents from the state of incorporation and the state of the corporation's principal place of business for a period of thirty (30) days from the filing of the complaint or because the officers or agents are unknown, then such defendant shall be deemed to have avoided service and the court may, on motion, order service on such defendant to be made by publication.

5.      While the precise language in Alabama Rule of Civil Procedure 4.3(c) pertains to "a corporation," Alabama Rule of Civil Procedure 4(c)(6) provides that service on "corporations and other entities," including limited liability companies, shall be made in the same fashion, i.e., by serving an officer, a partner, a managing or general agent or any agent authorized by appointment or by law to receive service of process. Accordingly, Donjon maintains that ARCP 4.3(c) includes and extends to service by publication on a limited liability company. Therefore, Donjon seeks leave of court to serve Southern Recyclers by publication pursuant to ARCP 4.3(c). Donjon notes that there is no other mechanism through which it can effect service of process upon Southern Recyclers because there is no other officer, partner or agent authorized by appointment or by law to receive service of process.

6.      Alternatively, Donjon seeks an Order recognizing that after the death of Thad Sellers, Cody Sellers, Sr. is a managing or general agent of Southern Recyclers. He is the only remaining employee of Southern Recyclers who has had any involvement or affiliation with the company. In a personal conference with undersigned counsel, Cody Sellers, Sr. conceded that he was the current manager of the company by default. See Exhibit "A," Affidavit of Todd G. Crawford, ¶ 4. There is no one else to manage its affairs. As this Court knows, Cody Sellers, Sr. was previously served with process on September 2, 2018, which was well after Thad Sellers' death. Accordingly, the Court should recognize service of process on Cody Sellers, Sr.

constitutes service on Southern Recyclers because he was a managing or general agent at the time of such service.

7.      Donjon notes that the term "managing or general agent" is not defined by ARCP Rule 4.  However, the Committee Comments accompanying the 2004 Amendment provide that "the intent is to adopt the majority rule of federal caselaw in interpreting the phrase 'managing or general agent.'"  Under federal caselaw, "A managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control."  *LVNV Funding, LLC v. Boyles*, 70 So. 3d 1224, 1229, n. 7 (Ala. Civ. App. 2009), citing *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004); *Grammenos v. Lemos*, 457 F.2d 1067, 1073 (2nd Cir. 1972); *1 James Wm. Moore, et al.*, Moore's Federal Practice P. 4.53[2][b] (3d Ed. 2006).  At this point, after his father's death, Cody Sellers, Sr. is the only person affiliated with Southern Recyclers who is capable of serving as a managing or general agent.  He is not under a superior's direct control because there is no superior who is alive.  At all times after Thad Sellers' death, including at the time of service on September 2, 2018, Cody Sellers was a managing or general agent of Southern Recyclers within the meaning of the rule.

8.      Moreover, there can be no doubt that Southern Recyclers, Kevin Sellers and Cody Sellers, Sr. have received actual notice of the subject lawsuit and will not suffer any prejudice. Respectfully, the registered agent for service of process was literally on his deathbed when service was attempted initially.  Because he was unable to come to the door, the process server left the original summons and complaint with his son, Kevin Sellers.  After the delays for service ran, counsel for Donjon sent an informal letter by certified mail dated August 25, 2018, which letter was signed for by Cody Sellers.  The letter advised Southern Recyclers of its obligation to

4

respond to the lawsuit.  Subsequently, Cody Sellers signed for another certified letter attempting service on Southern Recyclers.  As this Court has recognized, Donjon also served Cody Sellers, Sr. personally with the Complaint.  As noted, Cody Sellers, Sr. is the only remaining employee, agent or manager with any affiliation to Southern Recyclers, and therefore, Cody Sellers, Sr. is a managing or general agent of Southern Recyclers within the meaning of FRCP 4(h).

9.Wherefore, premises considered, Donjon prays for leave of court to effect service on Southern Recyclers by publication, and alternatively, asks the Court to recognize that Cody Sellers, Sr., as the only remaining employee of Southern Recyclers, is a managing or general agent of Southern Recyclers for purposes of service of process, as outlined herein.

Respectfully submitted, this 16th day of October, 2018.

Donjon Marine Co., Inc.,
PLAINTIFF

BY:  FOWLER RODRIGUEZ

By:*/s/ Todd G. Crawford*
Todd G. Crawford (ASB-7688-R70T)
FOWLER RODRIGUEZ
11 North Water Street, Suite 10290
Mobile, AL 36695
P.O. Box 40008, Mobile, AL 36640
Telephone: 251-344-4721
Facsimile: 251-343-7503
Email:  tcrawford@frfirm.com

&

H. Jake Rodriguez (*pro hac vice*)
FOWLER RODRIGUEZ
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
Telephone:  (504) 523-2600
Facsimile:  (504) 523-2705
Email:  jrodriguez@frfirm.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 16th day of October, 2018, I have caused to be served, by U.S. Mail, postage prepaid, or via ECF system, a true and correct copy of the above pleading.

                */s/ Todd G. Crawford*