# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DONJON MARINE CO., INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 18-0302-WS-B |
| | ) |
| SOUTHERN RECYCLERS | ) |
| DISASTER RELIEF, LLC, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion for permission to serve the defendant by publication, and on the plaintiff's alternative motion to recognize Cody Sellers, Sr. ("Cody") as a managing or general agent of the defendant. (Doc. 16).

The factual and procedural background is unusual. The defendant ("Southern"), a limited liability company, had a sole member, Thad Sellers ("Thad"), who was also Southern's registered agent. The complaint was filed July 6, 2018, and the plaintiff promptly attempted personal service on Thad on July 13, 2018. Thad, who had been diagnosed with cancer in May 2018, was unable to come to the door (he would die four days later), so the process server left process with Thad's son, Kevin Sellers ("Kevin"), "on behalf of" Thad as registered agent. The Court denied the plaintiff's ensuing application for entry of default for failure to show either that Kevin was Southern's officer, managing agent, general agent, or agent authorized by appointment or by law to accept service of process on behalf of Southern or that he was either legally or factually authorized to accept service on behalf of Thad as registered agent. (Doc. 8). The plaintiff has made no attempt to supply law or evidence to rectify this deficiency; on the contrary, the

plaintiff now concedes that Kevin had no affiliation with Southern. (Doc. 16-1 at 2).

Instead, the plaintiff obtained alias summons, again addressed to Southern at its business address, (Doc. 10), which a process server personally served on Cody on September 2, 2018. (Doc. 11). The plaintiff also sent process by certified mail to Southern at its business address, which mailing was signed for by Cody. (Doc. 12). The plaintiff again sought entry of default, presenting a sworn declaration that Cody was an officer and/or owner of Southern. (Doc. 13-2). The Court denied the application because no factual basis was offered for the assertion that Cody was an officer or owner and because the assertion was inconsistent with other evidence. (Doc. 14).[1] The plaintiff now concedes that Cody was neither an officer nor an owner of Southern.

The present motions rest chiefly on the affidavit of counsel, who states that he has met with Cody and learned from him the following: (1) that Thad was the sole owner and officer of Southern, and that no living owners, members or officers remain; (2) that no new registered agent has been named since Thad's death; (3) that no probate action has been opened following Thad's death; (4) that neither Kevin nor Cody's other siblings are or have been involved in Southern's operations; (5) that no person other than Cody has any affiliation with Southern since Thad's death; (6) that, during Thad's life, Cody had no job title but functioned as a job superintendent and was generally responsible for Southern's day-to-day operations; and (7) since Thad's death, Cody is the only person capable of functioning as Southern's manager, because no one else is affiliated with the company. (Doc. 16-1). The plaintiff concludes that, by process of elimination, Cody must be a managing or general agent of Southern and should be declared such by the Court, thereby validating the September 2, 2018 service on him.

---

[1] Service by certified mail failed for the same reason and for the additional reason that the mailing was not addressed to an individual, as required by Alabama law.

The plaintiff identifies a managing agent as "one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004); *accord Grammenos v. Lemos*, 457 F.2d 1067, 1073 (2nd Cir. 1972); 1 James Wm. Moore et al., Moore's Federal Practice ("Moore's") § 4.53[2][b] (3d ed. 2006); *cf. Jim Fox Enterprises, Inc. v. Air France*, 664 F.2d 63, 64 (5th Cir. 1981) (a managing agent is one "invested with general powers involving the exercise of independent judgment and discretion"). A general agency apparently requires at least as great a showing. *Gottlieb v. Sandia American Corp.*, 452 F.2d 510, 513 (3rd Cir. 1971).[2]

The question is thus whether Cody, when he was served with process, was authorized to exercise discretionary powers in transacting all of Southern's business. The Court agrees with the plaintiff that, if Southern had a managing or general agent in September 2018, it would have to be Cody. But the Court is unable to conclude from the plaintiff's showing that Cody occupied such a position.

The plaintiff believes there is evidence that Cody has "conceded that he [i]s the current manager of the company by default." (Doc. 16 at 3). That is not quite accurate; counsel's affidavit asserts that, "[s]ince his father's death, Cody Sellers, Sr. has been the 'manager' of Southern Recyclers by default," (Doc. 16-1 at 2), but, unlike the other statements in the affidavit, this one does not contain the phrase, "Cody confirmed that," or words to like effect. The Court must therefore consider the statement to be counsel's conclusion rather than Cody's perception.

To have been a managing or general agent in September 2018, Cody must at that time have been engaged in the sweep of business required to support such a

---

[2] Both federal and state law permit service on a managing or general agent, and Alabama adopts the majority rule of federal caselaw interpreting these terms. Ala. R. Civ. P. 4 committee comments accompanying 2004 amendments.

position and must have been authorized to do so. The plaintiff has furnished neither evidence, argument nor law to establish these points.

The plaintiff has presented no evidence that Southern continued to operate in September 2018; Cody's statement that he was the only person "capable of functioning as the manager of" the defendant after Thad died, (Doc. 16-1 at 2), is not a statement that he was in fact doing so, only that no one else could be doing so.

The plaintiff does not argue that Cody was a managing or general agent during Thad's lifetime but only that he become one "after the death of Thad." (Doc. 16 at 3). Because Thad was the sole owner of Southern and the only other person affiliated with Southern, only he could have authorized Cody as a managing or general agent. The plaintiff has neither explained how Thad could have provided such authorization after his death nor offered evidence that he prospectively authorized Cody to become (or remain) a managing or general agent after his death.

For the reasons set forth above, the plaintiff's motion to recognize Chad as a managing or general agent for purposes of validating the September 2018 service attempt is **denied**.

Service of process on an artificial entity such as Southern may be made by following Alabama law. Fed. R. Civ. P. 4(c)(1), (h)(1)(A). Alabama permits service by publication on a defendant that avoids service of process. Ala. R. Civ. P. 4(a)(2).

A corporate defendant avoids service when the plaintiff demonstrates that the defendant has failed to elect officers or appoint agents or that the officers or agents are unknown. Ala. R. Civ. P. 4.3(c). The plaintiff has presented evidence that Southern has no officers, has no registered agent, and has no known general or managing agent. If the analysis that applies to corporations also applies to other artificial entities, the plaintiff has demonstrated that Southern is avoiding service as defined by Alabama law. The plaintiff argues that the same analysis applies

because Alabama's Rule 4(c)(6) provides for service on all artificial entities by the same means as for corporations. (Doc. 16 at 3).

A sister court has assumed that the test for service by publication on a limited liability company is not that applicable to corporations but that governing other kinds of defendants. *Davis v. Summier*, 2014 WL 1492876 at *1 (M.D. Ala. 2014). The Court need not decide which test applies, because the plaintiff has satisfied both. The facts listed in the preceding paragraph demonstrate that Southern is avoiding service and, without any officers or known agents, its location is unknown.[3]

For the reasons set forth above, the plaintiff's motion to serve the defendant by publication is **granted**.

The complaint was filed on July 6, 2018. Because more than 90 days have passed since then, the complaint is subject to dismissal without prejudice pursuant to Rule 4(m). Because the Court finds good cause for the plaintiff's failure to serve the defendant, the Court extends the time within which service must be perfected. The plaintiff is **ordered** to file proof of completed service by publication on or before **December 19, 2018**, failing which this action will be dismissed without prejudice and without further notice.

DONE and ORDERED this 19th day of October, 2018.

                                      s/ WILLIAM H. STEELE
                                      UNITED STATES DISTRICT JUDGE

---

[3] The location of an artificial entity is not simply where its physical plant lies but where someone capable of effectively accepting service of process is located. *Davis*, 2014 WL 1492876 at *1.