# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DONJON MARINE CO., INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 18-0302-WS-B |
| | ) |
| SOUTHERN RECYCLERS | ) |
| DISASTER RELIEF, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The plaintiff has filed a third application to the Clerk for entry of default. (Doc. 19). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," it is subject to entry of default. Fed. R. Civ. P. 55(a). But a defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint." *Id*. Rule 12(a)(1)(A)(i); *accord Securities and Exchange Commission v. Wright*, 261 Fed. Appx. 259, 261 (11th Cir. 2008). Thus, "[b]efore a default can be entered, … the party must have been effectively served with process." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 at 14 (3rd ed. 1998). And when service of process is at issue, "it [i]s proper for the court rather than the clerk to consider [the plaintiff's] request" for entry of default. *Sandoval v. Bluegrass Regional Mental Health – Mental Retardation Board*, 2000 WL 1257040 at *5 (6th Cir. 2000).

The plaintiff sought and received permission to serve the defendant by publication. (Doc. 17). The plaintiff says it has done so, but the Court is less sure. Service of an artificial entity by publication is acceptable in federal court, but only if done by "following state law." Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Alabama law requires that "[t]he publication shall … contain a summary statement of the object

of the complaint and demand for relief ….” Ala. R. Civ. P. 4.3(d)(3). The only language of the plaintiff's published notice that could possibly touch on this requirement reads: "NOTICE OF COMPLAINT ON PROMISSORY NOTE, FOR BREACH OF CONTRACT, AND OTHER RELIEF." (Doc. 18). The Court is unable to discern how this vague wording could satisfy the "summary statement" requirement of Alabama law.[1]

Accordingly, the plaintiff is **ordered** to file, on or before **January 11, 2019**, a brief demonstrating that it has followed Alabama law in attempting to serve the defendant by publication. The plaintiff is further **ordered**, on or before **January 11, 2019**, to show cause why, if it has not perfected service by publication, this action should not be dismissed without prejudice pursuant to Rule 4(m).

DONE and ORDERED this 3rd day of January, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] For example, while the complaint asserts a debt of almost half a million dollars, (Doc. 1-3), the published notice says nothing about the demand for relief. Nor is it immediately obvious that merely listing causes of action constitutes a summary statement of the object of the complaint.